85 So.3d 73 (2012)
Geraldine OUBRE and Linda Gentry on their behalf, as well as others similarly situated
v.
LOUISIANA CITIZENS FAIR PLAN.
No. 2012-OC-0642.
Supreme Court of Louisiana.
April 9, 2012.
PER CURIAM.
On December 16, 2011, this court rendered judgment reversing the judgment of the court of appeal, and reinstating the March 26, 2009 judgment of the district court against the Louisiana Citizens Property Insurance Company ("LCPIC"), for penalties and attorney fees under La. R.S. 22:658(A)(3) and La. R.S. 22:1220. Oubre v. Louisiana Citizens Fair Plan, 11-0097 *74 (La.12/16/11), 79 So.3d 987. We denied rehearing on January 20, 2012. After rehearing was denied, LCPIC petitioned this court for a stay of execution of judgment, pending its application to the United States Supreme Court. In its application. LCPIC asserted that plaintiffs agreed not to seek execution of the judgment pending appellate review, in exchange for a $6 million non-refundable payment. On January 27, 2012, this court denied the motion, stating: "Motion to Stay Execution is denied." The United States Supreme Court similarly denied LCPIC's motion to stay on January 31, 2012.
Thereafter, LCPIC filed a motion in the trial court seeking to enforce an August 24, 2009 Stipulation and Forbearance Agreement ("the Stipulation"), entered into by plaintiffs and LCPIC. According to LCPIC, this Stipulation precluded plaintiffs from seeking to enforce the judgment, pending resolution of all appellate review in the case, including LCPIC's application for writ of certiorari to the United States Supreme Court. The district court denied the motion, but the court of appeal reversed. Plaintiffs now seek review of the court of appeal's judgment.
The clear language of this stipulation provides plaintiffs will not attempt to execute "until such time as any such money judgment against La. Citizens becomes final after completion of an appeal" [emphasis added]. As discussed above, this court rendered its judgment on December 16, 2011, and denied rehearing on January 20, 2012. La.Code Civ. P. art. 2167 provides: "[w]hen an application for rehearing has been applied for timely, a judgment of the supreme court becomes final and definitive when the application is denied" [emphasis added]. La.Code Civ. P. art. 2167 further provides: "[t]he supreme court may stay the execution of the judgment pending a timely application for certiorari or an appeal to the United States Supreme Court." On January 27, 2012, we denied LCPIC's request for stay of the execution of the judgment against it, and on January 31, 2012, the United States Supreme Court denied LCPIC's motion to stay. Therefore, the judgment became final no later than January 31, 2012, when the United States Supreme Court refused to stay the effect of this court's judgment. By operation of the Stipulation, plaintiffs could execute on the final judgment any time after that date.[1]
Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the judgment of the district court denying LCPIC's motion to enforce is reinstated.
WEIMER and GUIDRY, JJ., would deny.
WEIMER, J., dissenting.
I would deny the writ application.
NOTES
[1] We further take issue with the court of appeal's statement that the "petition filed by Citizens in the United States Supreme Court is considered as part of the process of appellate review of the state court's judgment. . . ." 28 U.S.C. § 1257 expressly provides a decision by the United States Supreme Court from a state supreme court is reviewable through a discretionary writ of certiorari.